UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES L. HARRAWAY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-110

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 5. At issue is whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff's disability ceased and that he is therefore unentitled to continue receiving Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 110), Plaintiff's reply (doc. 11), the administrative record (doc. 8),[2] and the record as a whole.

**I.**

**A.**     **Procedural History**

After filing an application for DIB (PageID 332-39), Plaintiff was found disabled under the Social Security Act beginning March 3, 2008 because his chronic pulmonary insufficiency met or equaled the requirements of Listings § 3.03B. PageID 170, 172-73, 200. However, upon review of subsequent medical information, it was determined that Plaintiff's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

condition had significantly improved and that he was able to work as of May 2012. PageID 172-78. As a result, Plaintiff's DIB award ceased as of May 14, 2012. PageID 174.

Plaintiff requested reconsideration of the decision to cease payment of DIB and received a hearing before hearing officer Beth Goldhardt on February 12, 2013. PageID 179-91. After the hearing on reconsideration, Ms. Goldhardt upheld the decision to cease Plaintiff's DIB, finding Plaintiff not disabled. PageID 194-97. Plaintiff subsequently requested and received a hearing before ALJ Amelia Lombardo on May 7, 2014, and a second hearing before ALJ Elizabeth Motta on November 3, 2014. PageID 110-42, 143-66. ALJ Motta issued a written decision on April 23, 2015 finding that Plaintiff's disability ended as of May 1, 2012 and that he has not been disabled since that time. PageID 86-101.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. Tr. 11-14. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 88-99), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential

3

review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### C. Cessation of Disability Benefits

The Social Security Administration ("SSA") periodically reviews recipients' continued eligibility for disability benefits. 20 C.F.R. § 404.1594(a). When a claimant challenges the cessation of benefits, the central issue is whether his or her medical impairments have improved to the point where he or she is able to perform substantial gainful activity. 42 U.S.C. § 423(f)(1); *Kennedy v. Astrue*, 247 F. App'x 761, 764 (6th Cir. 2007). The Commissioner uses an eight-step sequential evaluation process to decide whether disability has ended and, thus, cessation of disability benefits is required. 20 C.F.R. § 404.1594(f).

Although the ALJ's review may cease at any point if there is sufficient evidence that the claimant is still unable to engage in substantial gainful activity, the complete sequential review poses eight questions:

1. Is the claimant engaging in substantial gainful activity? If so, disability has ended.

2. Do the claimant's impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1? If so, disability continues.

3. Has there been medical improvement? If not, proceed to Step Five.

4. If there has been medical improvement, is it related to the claimant's ability to work? If not, proceed to Step Five. If so, proceed to Step Six.

5. Does an exception to medical improvement apply? If there has been no medical improvement at Step Three or if it is not related to the claimant's ability to work at Step Four, and no exception applies, disability continues.

6. Are all of the claimant's current impairments in combination severe? If not, disability has ended.

7. If the impairment(s) is severe, considering the claimant's RFC, can he or she perform his or her past relevant work? If so, disability has ended.

8. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform? If so, disability has ended. If not, disability continues.

20 C.F.R. § 404.1594(f). There is no presumption of continuing disability. *Kennedy,* 247 F. App'x at 764 (citation omitted). However, the "ultimate burden of proof lies with the Commissioner in termination proceedings." *Id.* (citation omitted).

## III.

In his Statement of Errors, Plaintiff argues that the ALJ: (1) erred in concluding that his pulmonary condition had medically improved; and (2) failed to appropriately analyze Listings §§ 3.02A and 3.03A. Doc. 9 at PageID 1073. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record, appropriately considered the medical evidence at issue, and

thus accurately determined Plaintiff's disability status. As more fully explained herein, the undersigned finds that the ALJ's non-disability finding should be affirmed.

### A. Medical Improvement

To meet Listing § 3.03B, which was in effect prior to January 27, 2017, Plaintiff must show that he suffered asthma "[a]ttacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 3.03B; *see also Arnold v. Comm'r of Soc. Sec.*, 238 F.3d 419 (6th Cir. 2000). The term "attacks" is defined as "prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting." *Id*. at § 3.00C.

Plaintiff argues that the ALJ's finding of medical improvement is error because she cited no records showing improvement. Doc. 9 at PageID 1080. Contrary to Plaintiff's contention, however, the ALJ specifically cited the opinion of record reviewing pulmonologist William C. Houser, M.D. who, after reviewing Plaintiff's medical records, concluded that Plaintiff's pulmonary impairments no longer met or equal a Listing. PageID 1014. The ALJ also noted that Plaintiff's records revealed only a single instance of "significant treatment" between the award of benefits in 2008 and the cessation date in May 2012. PageID 93, 504-14.

Based upon the foregoing, substantial evidence supports the ALJ's finding that Plaintiff's COPD impairment had improved since the initial award of benefits in that he no longer met or equaled the severity of Listings § 3.03B. Accordingly, Plaintiff's alleged error in this regard should be overruled.

6

B.     **Listings §§ 3.02A and 3.03A**

Plaintiff also argues that the ALJ erred in inappropriately analyzing his disability under Listings §§ 3.02A and/or 3.03A. To meet or equal the requirements of these Listings, a person of Plaintiff's height must have a forced expiratory volume in one second ("FEV1") measurement of 1.35 liters. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, §§ 3.02A and 3.03A. The dispute in this case concerns a FEV1 measurement of 1.20 liters on December 29, 2014 noted in the treatment records of pulmonologist Timothy C. Murray, M.D. PageID 1063. The ALJ gave little consideration to this test result because "Dr. Murray made no mention of the claimant's effort," and because Plaintiff had, without dispute, "put forth poor effort on [a] pulmonary function test[] performed earlier that month with the consultative physician." PageID 94.

The Court finds no error in the ALJ's conclusion in this regard. The Listings specifically set forth the documentation required to demonstrate the validity of a pulmonary function test. *See id*. at § 3.00E. That Listing section provides that, in addition to other requirements, the testing report should contain "[a] statement . . . of the individual's ability to understand directions as well as his or her effort and cooperation in performing the pulmonary function tests." *Id*. In the absence of documentation concerning Plaintiff's effort during testing -- especially given reports of poor effort on previous testing -- the undersigned finds no error in the ALJ's rejection of the December 29, 2014 FEV1 measurement. *See Armstrong v. Apfel*, No. CIV. A. 99-260, 1999 WL 1080322, at *9 (E.D. La. Nov. 30, 1999); *cf. Curry v. Astrue*, 650 F. Supp. 2d 1169, 1178 (N.D. Fla. 2009). Accordingly, the ALJ's finding concerning Listings §§ 3.02A and 3.03A is supported by substantial evidence.

Plaintiff also argues that the ALJ should have contacted Dr. Murray to obtain any missing information regarding the December 29th pulmonary testing. Doc. 9 at PageID 1083. In support of his argument, Plaintiff cites 20 C.F.R. § 404.1519p(b), which applies to reports of consultative

7

examiners and states that the ALJ "will contact the medical source who performed the consultative examination, give an explanation of [his or her] evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report." Dr. Murray is not a consultative source, *see* 20 C.F.R. § 404.1519, and thus § 404.1519p does not apply to Dr. Murray.

On the other hand, 20 C.F.R. § 404.1520b(b) permits an ALJ to re-contact a medical source, but the ALJ possesses discretion as to whether or not to do so. *See Soto v. Comm'r of Soc. Sec.*, No. 1:13CV656, 2014 WL 1576867, at *8 (N.D. Ohio Apr. 18, 2014). Here, the administrative hearing before ALJ Motta took place on November 3, 2014. PageID 143-66. During the hearing, the ALJ learned of Plaintiff's continuing treatment at Akron General Medical Center where Dr. Murray practices. PageID 159-61. The ALJ, in an attempt to be thorough, kept the record open and informed Plaintiff that she would request records from Akron General Medical Center and, thereafter, make her decision. PageID 161-62.

On January 7, 2015 -- *i.e.*, over two months after the administrative hearing before ALJ Motta -- Social Security requested that Dr. Murray provide "a copy of all treatment records" so that Plaintiff's "claim for disability benefits" could be assessed. *See* PageID 1061. The records relied upon by the ALJ were the only records produced in response to Social Security's request. *See* PageID 1063-71. Given that ALJ Motta kept the record open for months after the administrative hearing -- and that the evidence of record was sufficient evidence upon which the ALJ could make an informed finding regarding Plaintiff's disability status -- the Court finds no abuse of discretion in ALJ Motta's decision to make no further requests for additional evidence.

## IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability

finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.


Date:   August 4, 2017                             s/ Michael J. Newman
                                                   Michael J. Newman
                                                   United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).